# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON N. LEE, | |
| Petitioner, | CIVIL ACTION NO. 1:17-cv-01078 |
| v. | (CONNER, C.J.) <br> (SAPORITO, M.J.) |
| JUDGE ANGELA KROM, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On June 15, 2017, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Donovon N. Lee, on June 12, 2017. (Doc. 1). On October 10, 2017, the Court received and filed an amended petition, which alleged new facts that occurred after filing of the original petition but did not substantively change the petitioner's habeas claims. (Doc. 15). At the time of his initial filing, Lee was incarcerated at the Franklin County Jail, which is located in Franklin County, Pennsylvania. He is currently incarcerated at SCI Fayette, located in Fayette County, Pennsylvania.

I. **STATEMENT OF THE CASE**

The petition alleges the violation of federal rights in connection with the petitioner's conviction by a jury on December 6, 2016, in the Court of

Common Pleas of Franklin County on multiple counts of indecent assault on a person less than 13 years of age and corruption of a minor. On May 24, 2017, the petitioner was sentenced to serve a term of years in the penitentiary. *Commonwealth v. Lee*, Docket Nos. CP-28-CR-0000474-2015, CP-28-CR-0000475-2015 (Franklin Cty. C.C.P.). On June 1, 2017, Lee filed a post-sentence motion for a new trial, which was denied on September 8, 2017. *See id.* On October 2, 2017, Lee filed a direct appeal to the Superior Court of Pennsylvania, which remains pending. *Commonwealth v. Lee*, Docket Nos. 1526 MDA 2017, 1527 MDA 2017 (Pa. Super. Ct.).

Lee filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 12, 2017.[1] (Doc. 1). On August 17, 2017, we entered an order directing Lee to show cause why his petition should not be summarily dismissed for failure to exhaust state remedies. (Doc. 11). On August 28, 2017, we received and filed Lee's response. (Doc. 12). On September 28, 2017, we received and filed a motion by the petitioner for leave to amend his habeas petition; the petitioner did

---

[1] The instant petition was received and docketed by the Court on June 15, 2017, but it appears to have been deposited in the prison mail system on June 12, 2017, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

not attach a copy of his proposed amended petition, but stated that he wished to add some additional facts that occurred after the filing of his original petition, concerning his representation by counsel during state criminal proceedings and the conditions of his confinement at the Franklin County Jail and at SCI Camp Hill. (Doc. 13). On October 2, 2017, we granted the petitioner leave to amend. (Doc. 14.). On October 10, 2017, we received and filed Lee's amended petition, which included new facts that occurred after the filing of his original petition, but which did not substantively change Lee's legal claims for habeas relief. (Doc. 15).

## II. LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. This rule provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, 28 U.S.C. foll. § 2254. In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own. *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4

- 3 -

n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the petitioner's criminal proceedings in the Pennsylvania state courts.[2]

### III.  DISCUSSION

The petitioner has asserted claims that his conviction was not supported by sufficient evidence, that his prison sentence exceeded the maximum term authorized by statute, that his right to a speedy trial was violated by a two-year delay in holding his jury trial, and that he received ineffective assistance of counsel in trial court proceedings. Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion

---

[2] *See Commonwealth v. Lee*, Docket Nos. CP-28-CR-0000474-2015, CP-28-CR-0000475-2015 (Franklin Cty. C.C.P.), *appeal filed*, Docket Nos. 1526 MDA 2017, 1527 MDA 2017 (Pa. Super. Ct. docketed Oct. 2, 2017).

- 4 -

doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

Here, the petitioner has filed a direct appeal to the Superior Court of Pennsylvania from his state criminal conviction and sentence, but that

appeal remains pending. He has not yet filed a PCRA petition with respect to his ineffective assistance of counsel claims. Until state remedies with respect to the petitioner's claims have been fully exhausted, this Court cannot consider them. Moreover, the petitioner has failed to provide this Court with any recognized excuse for his failure to exhaust state remedies.

Accordingly, we recommend that the petition be summarily dismissed without prejudice for failure to exhaust state remedies.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the amended petition (Doc. 15) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: November 6, 2017           ***s/ Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON N. LEE, | |
| Petitioner, | CIVIL ACTION NO. 1:17-cv-01078 |
| v. | (CONNER, C.J.)<br>(SAPORITO, M.J.) |
| JUDGE ANGELA KROM, | |
| Respondent. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 6, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: November 6, 2017  *s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge